IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Mark Long,                     )<br>                                )<br>        Plaintiff,          )<br>    v.                          )<br>                                )<br>O'Reilly's Automotive Stores, Inc., )<br>R.F. Jones Construction , LLC,    )<br>Rubin F. Jones, individually, Jerry  )<br>Trotter Construction, LLC, and Jerry )<br>Trotter, Individually,          )<br>                                )<br>        Defendants.         )<br>_____) | Civil Action No.  6:12-901-MGL<br><br><br><br>**ORDER AND OPINION** |

This matter is before the court on Plaintiff Mark Long's ("Plaintiff") motion to reconsider and amend, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and the court's December 12, 2013 order dismissing Plaintiff's negligence per se cause of action.  For the reasons set forth below the court denies the motion.  (ECF No. 80.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 30, 2012, Plaintiff filed the underlying action against Defendants as well as former Defendants Anderson Engineering, Inc. and Neil S. Brady alleging state law causes of action for nuisance, negligence, negligence per se, trespass and common law diversion of water for damage to Plaintiff's home allegedly arising out of the construction of Defendant O'Reilly's Automotive Store  in Clinton, South Carolina.  (ECF No. 1.)  On March 7, 2013, the court granted former Defendants Anderson Engineering, Inc. and Neil S. Brady's motion to dismiss.  (ECF No. 42.)  In its March 7, 2013 order, the court notified Plaintiff of deficiencies with his cause of action for negligence per se.  Thereafter, Plaintiff filed an amended complaint on June 20, 2013, and a second

1

amended complaint on June 24, 2013.  (ECF Nos. 57 & 58.)  However, Plaintiff made no effort to cure the deficiencies identified in his negligence per se claim.

On October 30, 2013, Defendants moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6) and 12© arguing *inter alia* that Plaintiff failed to plead facts sufficient to establish subject matter jurisdiction, specifically the amount in controversy, and that Plaintiff failed to state claims upon which relief could be granted. (ECF Nos. 69 & 71.)  Plaintiff filed responses in opposition and, as alternative relief, requested leave to amend.  (ECF Nos. 73 & 74.)  The court dismissed Plaintiff's negligence per se cause of action  on December 12, 2013, for "the same reasoning set forth in the court's Order of March 7, 2013".[1]  (ECF No. 77.)  In the court's March 7, 2013 order, it dismissed Plaintiff's negligence per se cause of action due to Plaintiff's failure to meet the pleading requirements of Fed.R.Civ.P. 8.  The court noted that Plaintiff failed to allege any specific section of the South Carolina Stormwater Management and Sediment Reduction Act, S.C. Code Ann. §§ 48-14-10 et seq. and its accompanying Regulations §§ 72-300-316 (2012) ("the Stormwater Act") that was breached, how the breaches occurred or how the breaches proximately caused Plaintiff's damages.  Plaintiff contends that the Stormwater Act provides the basis for his claims of negligence per se.  The court granted Plaintiff leave to amend with regard to the amount-in-controversy. Plaintiff moved for reconsideration on January 9, 2014.  (ECF No. 80.)

## STANDARD OF REVIEW

**Motion to Reconsider**

Pursuant to Fed.R.Civ.P. 54(b) the court retains the power to reconsider and modify its

---

[1] Since the court dismissed Plaintiff's negligence per se claim, it did not address Plaintiff's requested alternative relief for leave to amend this cause of action.

interlocutory judgments. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir.2003). This power of reconsideration is committed to the discretion of the district court. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge").

Although the Fourth Circuit Court of Appeals has not specifically articulated the standard for evaluating a motion for reconsideration filed under Rule 54(b), the Court has held motions under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n*, 326 F.3d at 514. District courts in the Fourth Circuit look to the standards of motions under Fed.R.Civ.P. 59 for guidance. *R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co.*, C/A No. 4:02–4184–RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006); *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565–66 (M.D.N.C.2005). As such, appropriate reasons for granting reconsideration under Rule 54 are: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Beyond Sys., Inc. v. Kraft Foods, Inc.*, C/A No. PJM–08–409, 2010 WL 3059344, at *2 (D.Md. Aug.4, 2010) ("This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing an interlocutory order.")

**Motion to Amend**

Generally, "the court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P.15(a). However, when the request to amend pleadings is filed beyond the expiration of the pleading deadlines set forth in the court's scheduling order, the movant must first show "good

cause" for the late filing pursuant to Federal Rules of Civil Procedure 16(b). *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir.2008); *see, e.g., Montgomery v. Anne Arundel County*, 182 Fed. Appx. 156, 162, 2006 WL 1194308 (4th Cir. 2006). Rule 16(b) provides that the court's scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).

To show good cause, the moving party must "show that the deadlines cannot reasonably be met despite the diligence of the party needing an extension." *Vercon Const., Inc. v. Highland Mortg. Co.*, 187 Fed. Appx. 264, 265, 2006 WL 1747115 (4th Cir. 2006) (*citing* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure Civ.2d, § 1522.1). The court must focus on the reasons the movant "has given for his delay instead of the substance of the proposed amendment." *Lurie v. Mid-Atlantic Permanente Medical Group, P.C.*, 589 F.Supp. 2d 21, 2008 WL 5205909 (D.D.C. 2008); *see also Nourison Rug Corp.*, 535 F.3d at 297 (discussing the lack of justification for the tardy filing of a motion to amend).

If the movant shows good cause under Rule 16, the court may then consider whether the requested amendment is proper under Rule 15(a). Under the latter rule, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp.*, 535 F.3d at 298, *citing HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001); *see* Fed.R.Civ.P. 15.

## DISCUSSION

In light of these standards, the court has carefully reviewed Plaintiff's motion to reconsider and to amend and concludes that there is no basis for this court to modify its December 12, 2013 order. Plaintiff does not argue that there has been an intervening change in the law or that he has

new evidence that was previously unavailable. Rather, Plaintiff contends that the court must reconsider and amend its December 12, 2013 order to prevent manifest injustice as Plaintiff asserts that Defendants have "engaged in reckless and/or willful and purposeful conduct by violating a standard of care that is explicitly created by statute and regulation." (ECF No. 80 at 11.) Plaintiff states that negligence per se is designed to remedy this type of conduct.

As the complaint presently stands, Plaintiff has failed to meet the pleading requirements of Rule 8 for his cause of action for negligence per se. Plaintiff asks the court to exercise its discretion to reconsider and amend the portion of its December 12, 2013 order dismissing his cause of action for negligence per se and "implicitly denying Plaintiff's motion to amend with regard to negligence per se." (ECF No. 80 at 1.) Plaintiff asserts that he cured the deficiencies noted by the court in his November motion. (*See* ECF No. 80 at 5.)

Under the scheduling order in this case, motions to amend pleadings were required to be filed no later than October 30, 2013. (ECF No. 56.) To date, Plaintiff has not filed a motion to amend. Instead, on November 18, 2013, as alternative relief in his opposition to Defendants' motions to dismiss, Plaintiff requested leave to amend his complaint to state an amount in controversy and to amend if the court found his allegations regarding negligence per se insufficient. Upon review, it appears that Plaintiff had ample opportunity to move to amend the scheduling order but failed to avail himself to that opportunity. Further, Plaintiff offers no explanation as to why he did not comply with the scheduling order deadlines and thus fails to satisfy the good cause standard of Rule 16(b). As Plaintiff has not shown good cause as required under rule 16(b) to seek leave to amend outside the scheduling order deadlines, his request for reconsideration and leave to amend must be denied. Further, even if Plaintiff could satisfy the good cause standard of Rule16(b), an

amendment with regard to Plaintiff's cause of action for negligence per se would be futile. *See In Re PFC Solutions, Inc. Sec. Litif.*, 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when the amendment would be futile."). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.*" In re MI Windows and Doors, Inc. Products Liability Litigation*, 2014 WL 3207423 (D.S.C. June 24, 2013).

In the court's March 7, 2013 order, the court indicated the requirements necessary to state a claim for negligence per se:

> "Negligence per se is negligence arising from a defendant's violation of a statute." *Wogan v. Knunze*, 366 S.C. 583, 623 S.E.2d 107, 117-118 (S.C. Ct. App.2005). Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty. A statute must permit a private cause of action in order for plaintiffs to maintain a civil suit. (ECF No. 42 at 11.)

In the court's March order the court expressed concern as to whether the South Carolina Stormwater Act gives rise to a private cause of action for negligence per se. The court stated that "Plaintiff has not cited and this Court has not found a South Carolina case wherein the Court has found that §§ 48-14-10 *et seq*. and its accompanying Regulations §§ 72-300-72-316 permit a private cause of action." (ECF No. 42.) At this juncture of the proceedings, the court has the same concerns that were expressed in its March order. Plaintiff still has not cited any case that supports a private cause of action for negligence per se under the Stormwater Act. As such, even if the court were to modify its December 2013 order to allow Plaintiff to amend his claim for negligence per se, the amendment would be futile because it could not survive a Rule 12(b)(6) motion.

To the extent that Plaintiff suggests that the court's treatment of Plaintiff's request to amend to address subject matter jurisdiction was dealt with differently than his request to amend his negligence per se cause of action, the court notes only that it has an independent obligation to assess

its subject-matter jurisdiction. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir.2005). Subject matter jurisdiction can be raised by either party, or *sua sponte* by the court, at any time. *See, e.g., In re Kirkland*, 600 F.3d 310, 314 (4th Cir.2010.) Fed.R.Civ.P. 12(h)(3) allows the court to dismiss an action at any time if it determines it lacks subject matter jurisdiction. Plaintiff has the burden of proving that subject matter jurisdiction exists. Because Defendants questioned this court's subject matter jurisdiction, the court exercised its discretion to allow Plaintiff the opportunity to amend his complaint to state a sum certain, albeit Plaintiff's motion being untimely under the scheduling order.

## CONCLUSION

For the foregoing reasons and upon review of the memoranda submitted and applicable law, the court denies Plaintiff's Motion to Reconsider and Amend. (ECF No. 80.)

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

June 23, 2014
Spartanburg, South Carolina